UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | * | |
| | * | |
| INNIS ARDEN GOLF CLUB | * | CASE NO: |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| | * | |
| | * | |
| PITNEY BOWES, INC., | * | |
| PATELEY ASSOCIATES 1, LLC, | * | |
| 375 FAIRFIELD AVENUE ASSOCIATES, LLC, | * | |
| IRVING S. GOLDBLUM, | * | |
| MURRAY A. GOLDBLUM, | * | |
| METRO-NORTH COMMUTER RAILROAD | * | |
| COMPANY, | * | |
| BRONX BAR SUPPLY CO., INC., | * | |
| GLOBAL DEVELOPMENT ENTERPRISES, LLC | * | |
| | * | |
| Defendants. | * | AUGUST 30, 2006 |
| * * * * * * * * * * * * * * * * * * * * * * * * | * | |

## COMPLAINT

## PARTIES

1.     Plaintiff Innis Arden Golf Club, Inc. ("IAGC") is a corporation organized and

existing under the laws of the State of Connecticut which, at times relevant to this complaint,

owned property in Stamford and Old Greenwich, Connecticut on which, among other things, a

golf course is located.

2.     Defendant Pitney Bowes, Inc. is a corporation organized and existing under the

laws of the State of Delaware and which, at times relevant to this complaint, either owned and

controlled or controlled property known as 23 and 50 Barry Place in Stamford, Connecticut,

which property is adjacent to the property owned by IAGC.

1

3.     Defendant Pateley Associates 1, LLC is a limited liability company organized under the laws of the State of Connecticut which, at times relevant to this complaint, either owned and controlled or controlled the property known as 23 and 50 Barry Place in Stamford, Connecticut, which property is adjacent to the property owned by IAGC.

4.     Defendant 375 Fairfield Avenue Associates, LLC is a limited liability company organized under the laws of the State of Connecticut which, at times relevant to this complaint, either owned and controlled or controlled properties known as 347 Fairfield Avenue and 375 Fairfield Avenue in Stamford, Connecticut, which properties are up-gradient from the property owned by IAGC.

5.     Defendant Irving S. Goldblum is an individual who, at times relevant to this complaint, either owned and controlled or controlled property known as 445 Fairfield Avenue in Stamford, Connecticut, which property is up-gradient from the property owned by IAGC.

6.     Defendants Irving S. Goldblum and Murray A. Goldblum are individuals who, at times relevant to this complaint, either owned and controlled or controlled property known as Melrose Place in Stamford, Connecticut, which property is up-gradient from the property owned by IAGC.

7.     Defendant Metro-North Commuter Railroad Company is a corporation organized and existing under the laws of the State of New York and which, at times relevant to this complaint, either owned and controlled or controlled property adjacent to the property owned by IAGC.

8.     Defendant Bronx Bar Supply Co., Inc. is a corporation organized and existing under the laws of the State of Connecticut which, at times relevant to this complaint, either

2

owned and controlled or controlled property known as 415 Fairfield Avenue in Stamford,

Connecticut, which property is up-gradient from the property owned by IAGC.

      9.     Defendant Global Development Enterprises, LLC is a limited liability company

organized and existing under the laws of the State of Connecticut which, at times relevant to this

complaint, either owned and controlled or controlled properties known as 224 and 226 Selleck

Street in Stamford, Connecticut, which properties are up-gradient from the property owned by

IAGC.

**JURISDICTION**

      10.    This court has jurisdiction over this action pursuant to 42 U.S.C. § 9607 and 28

U.S.C. § 1331.  Supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. §

1367.

      11.    Venue in this Court is proper, as the plaintiff is resident in Connecticut and the

action concerns damages to property in this state.

**FIRST COUNT (As to Pitney Bowes, Inc. and Pateley Associates 1, LLC)**

      12.    The property known as 23 and 50 Barry Place is a "facility" as defined by

CERCLA, 42 U.S.C. § 9601(9).

      13.    There has been a release and/or the threat of a release of hazardous substances at

the property known as 23 and 50 Barry Place.

      14.    The defendant Pateley Associates 1, LLC is the current owner of the property

know as 23 and 50 Barry Place.

      15.    The defendant Pitney Bowes, Inc. is a past owner and past and current operator of

23 and 50 Barry Place.

16.    The plaintiff IAGC's property was contaminated by the hazardous substances released from the facility at 23 and 50 Barry Place.

17.    IAGC has incurred costs in response to the release of hazardous substances at the facility at 23 and 50 Barry Place which are consistent with the National Contingency Plan.

18.    Pursuant to 42 U.S.C. § 9607(a), the defendants are strictly liable for all necessary costs of response incurred, or to be incurred, by IAGC consistent with the National Contingency Plan.

**SECOND COUNT** (As to Pitney Bowes, Inc. and Pateley Associates 1, LLC)

19.    Paragraphs 1, 2 and 3 are hereby incorporated by reference as paragraph 19 of this Second Count

20.    IAGC's property has been the subject of contamination by polychlorinated biphenyls ("PCBs") emanating from the property owned and controlled or controlled by these defendants.

21.    The contamination of IAGC's property has resulted in an unreasonable interference with the use of its property, including, without limitation, the legal requirement that it expend significant sums to remediate its property.

22.    The emanation of PCBs from the property of the defendants in this count constitutes the maintenance of a nuisance by said defendants causing IAGC to expend large sums merely to be able to use its property for its intended use.

23.    The interference with IAGC's property is such that it ought to be compensated.

**THIRD COUNT** (As to Pitney Bowes, Inc. and Pateley Associates 1, LLC)

24.    Paragraphs 1, 2 and 3 are hereby incorporated by reference as paragraph 24 of this Third Count.

4

25.     IAGC's property included and includes "waters of the State" within the meaning of § 22a-427 of the Connecticut General Statutes.

26.     IAGC is within the class of persons that § 22a-427 was intended to protect and is a victim of pollution of its property by the emanation of PCBs from the property of the defendants to this count.

27.     The emanation of PCBs from the property of the defendants in this count therefore constitutes a source of pollution to the waters of the State in violation of § 22a-427 and thus constitute negligence per se.

28.     IAGC has been and continues to be damaged by the negligence per se of the defendants.

**FOURTH COUNT** (As to Pitney Bowes, Inc. and Pateley Associates 1, LLC)

29.     Paragraphs 1, 2 and 3 are hereby incorporated by reference as paragraph 29 of this Fourth Count.

30.     IAGC has expended large sums to remediate its property, including sums to remove PCBs which emanated from the property owned and controlled or controlled by the defendants.

31.     The migration of the PCBs from the property owned and controlled or controlled by the defendants was caused by the negligence or other acts of said defendants, including without limitation, the negligence per se alleged in the Third Count.

32.     Pursuant to § 22a-452 of the Connecticut General Statutes, IAGC seeks reimbursement for its remediation expenses.

**FIFTH COUNT** (As to 375 Fairfield Avenue Associates, LLC)

5

33.    Paragraphs 1 and 4 are hereby incorporated by reference as paragraph 33 of this Fifth Count.

34.    Upon information and belief, IAGC's property has been the subject of contamination by PCBs emanating from the property owned and controlled or controlled by the defendant.

35.    Paragraphs 25 and 26 of the Third Count are hereby incorporated by reference as paragraph 35 of this Fifth Count.

36.    The migration of PCBs from the property of the defendant therefore constitutes a source of pollution to the waters of the State in violation of § 22a-427 and thus constitutes negligence per se.

37.    IAGC has been and continues to be damaged by the negligence per se of the defendant.

**SIXTH COUNT**  (As to 375 Fairfield Avenue Associates, LLC)

38.    Paragraphs 1 and 4 are hereby incorporated by reference as paragraph 38 of this Sixth Count.

39.    IAGC has expended large sums to remediate its property, including sums to remove PCBs which, upon information and belief, migrated from the property owned and controlled, or controlled by the defendant.

40.    The migration of PCBs from the property owned and controlled, or controlled by the defendant was caused by the negligence or other acts of the defendant, including, without limitation, the negligence per se alleged in the Fifth Count.

41.    Pursuant to § 22a-452 of the Connecticut General Statutes, IAGC seeks reimbursement for its remediation expenses.

**SEVENTH COUNT** (As to 375 Fairfield Avenue Associates, LLC)

42.     Paragraphs 1 and 4 are hereby incorporated by reference as paragraph 42 of this Seventh Count.

43.     Upon information and belief, IAGC's property has been the subject of contamination by PCBs emanating from the property owned and controlled or controlled by the defendant.

44.     The contamination of IAGC's property has resulted in an unreasonable interference with the use of its property, including, without limitation, the legal requirement that it expend significant sums to remediate its property.

45.     The emanation of PCBs from the property of the defendant constitutes the maintenance of a nuisance by the defendant causing IAGC to expend large sums merely to be able to use its property for its intended use.

46.     The interference with IAGC's property is such that it ought to be compensated.

**EIGHTH COUNT** (As to Irving S. Goldblum)

47.     Paragraphs 1 and 5 are hereby incorporated by reference as paragraph 47 of this Eighth Count.

48.     Upon information and belief, IAGC's property has been the subject of contamination by PCBs emanating from the property owned and controlled or controlled by the defendant.

49.     Paragraphs 25 and 26 of the Third Count are hereby incorporated by reference as paragraph 49 of this Eighth Count.

50.     The migration of PCBs from the property of the defendant therefore constitutes a source of pollution to the waters of the State in violation of § 22a-427 and thus constitutes negligence per se.

51.     IAGC has been and continues to be damaged by the negligence per se of the defendant.

**NINTH COUNT (As to Irving S. Goldblum)**

52.     Paragraphs 1 and 5 are hereby incorporated by reference as paragraph 52 of this Ninth Count.

53.     IAGC has expended large sums to remediate its property, including sums to remove PCBs which, upon information and belief, migrated from the property owned and controlled, or controlled by the defendant.

54.     The migration of PCBs from the property owned and controlled, or controlled by the defendant was caused by the negligence or other acts of the defendant, including, without limitation, the negligence per se alleged in the Eighth Count.

55.     Pursuant to § 22a-452 of the Connecticut General Statute, IAGC seeks reimbursement for its remediation expenses.

**TENTH COUNT (As to Irving S. Goldblum)**

56.     Paragraphs 1 and 5 are hereby incorporated by reference as paragraph 56 of this Tenth Count.

57.     Upon information and belief, IAGC's property has been the subject of contamination by PCBs emanating from the property owned and controlled or controlled by the defendant.

8

58.     The contamination of IAGC's property has resulted in an unreasonable interference with the use of its property, including, without limitation, the legal requirement that it expend significant sums to remediate its property.

59.     The emanation of PCBs from the property of the defendant constitutes the maintenance of a nuisance by the defendant causing IAGC to expend large sums merely to be able to use its property for its intended use.

60.     The interference with IAGC's property is such that it ought to be compensated.

**ELEVENTH COUNT** (As to Irving S. Goldblum and Murray A. Goldblum)

61.     Paragraphs 1 and 6 are hereby incorporated by reference as paragraph 61 of this Eleventh Count.

62.     Upon information and belief, IAGC's property has been the subject of contamination by PCBs emanating from the property owned and controlled or controlled by the defendants.

63.     Paragraphs 25 and 26 of the Third Count are hereby incorporated by reference as paragraph 63 of this Eleventh Count.

64.     The migration of PCBs from the property of the defendants therefore constitutes a source of pollution to the waters of the State in violation of § 22a-427 and thus constitutes negligence per se.

65.     IAGC has been and continues to be damaged by the negligence per se of the defendants.

**TWELFTH COUNT** (As to Irving S. Goldblum and Murray A. Goldblum)

66.     Paragraphs 1 and 6 are hereby incorporated by reference as paragraph 66 of this Twelfth Count.

9

67.     IAGC has expended large sums to remediate its property, including sums to remove PCBs which, upon information and belief, migrated from the property owned and controlled, or controlled by the defendants.

68.     The migration of PCBs from the property owned and controlled, or controlled by the defendants was caused by the negligence or other acts of the defendants, including, without limitation, the negligence per se alleged in the Eleventh Count.

69.     Pursuant to §22a-452 of the Connecticut General Statutes, IAGC seeks reimbursement for its remediation expenses.

**THIRTEENTH COUNT (As to Irving S. Goldblum and Murray A. Goldblum)**

70.     Paragraphs 1 and 6 are hereby incorporated by reference as paragraph 70 of this Thirteenth Count.

71.     Upon information and belief, IAGC's property has been the subject of contamination by PCBs emanating from the property owned and controlled or controlled by the defendants.

72.     The contamination of IAGC's property has resulted in an unreasonable interference with the use of its property, including, without limitation, the legal requirement that it expend significant sums to remediate its property.

73.     The emanation of PCBs from the property of the defendants constitutes the maintenance of a nuisance by the defendant causing IAGC to expend large sums merely to be able to use its property for its intended use.

10

74.    The interference with IAGC's property is such that it ought to be compensated.

**FOURTEENTH COUNT (As to Metro-North Commuter Railroad Company)**

75.    Paragraphs 1 and 7 are hereby incorporated by reference as paragraph 75 of this Fourteenth Count.

76.    IAGC's property has been the subject of contamination by PCBs emanating from the property owned and controlled, or controlled by this defendant.

77.    The contamination of IAGC's property has resulted in an unreasonable interference with the use of its property, including, without limitation, the legal requirement that it expend significant sums to remediate its property.

78.    The emanation of PCBs from the property of the defendant in this count constitutes the maintenance of a nuisance by said defendant causing IAGC to expend large sums merely to be able to use its property for its intended use.

79.    The interference with IAGC's property is such that it ought to be compensated.

**FIFTEENTH COUNT (As to Metro-North Commuter Railroad Company)**

80.    Paragraphs 1 and 7 are hereby incorporated by reference as paragraph 80 of this Fifteenth Count.

81.    Paragraphs 25 and 26 of the Third Count are hereby incorporated by reference as paragraph 81 of this Fifteenth Count.

82.    The emanation of PCBs from the property of the defendant in this count therefore constitutes a source of pollution to the waters of the State in violation of § 22a-427 and thus constitutes negligence per se.

83.    IAGC has been and continues to be damaged by the negligence per se of the defendants.

11

**SIXTEENTH COUNT**  (As to Metro-North Commuter Railroad Company)

84.    Paragraphs 1 and 7 are hereby incorporated by reference as paragraph 84 of this Sixteenth Count.

85.    IAGC has expended large sums to remediate its property, including sums to remove PCBs which emanated from the property owned and controlled, or controlled by the defendant.

86.    The migration of the PCBs from the property owned and controlled, or controlled by the defendant was caused by the negligence or other acts of said defendant, including, without limitation, the negligence per se alleged in the Fifteenth Count.

87.    Pursuant to § 22a-452 of the Connecticut General Statutes, IAGC seeks reimbursement for its remediation expenses.

**SEVENTEENTH COUNT**  (As to Bronx Bar Supply Company, Inc.)

88.    Paragraphs 1 and 8 are hereby incorporated by reference as paragraph 88 of this Seventeenth Count.

89.    Upon information and belief, IAGC's property has been the subject of contamination by PCBs emanating from the property owned and controlled or controlled by this defendant.

90.    The contamination of IAGC's property has resulted in an unreasonable interference with the use of its property, including, without limitation, the legal requirement that it expend significant sums to remediate its property.

91.    The emanation of PCBs from the property of the defendant in this count constitutes maintenance of a nuisance by said defendant causing IAGC to expend large sums merely to be able to use its property for its intended use.

12

92.    The interference with IAGC's property is such that it ought to be compensated.

**EIGHTEENTH COUNT** (As to Bronx Bar Supply Company, Inc.)

93.    Paragraphs 1 and 8 are hereby incorporated by reference as paragraph 93 of this Eighteenth Count.

94.    Paragraphs 25 and 26 of the Third Count are hereby incorporated by reference as paragraph 94 of this Eighteenth Count.

95.    The emanation of PCBs from the property of the defendant in this count therefore constitutes a source of pollution to the waters of this State in violation of § 22a-427 and thus constitutes negligence per se.

96.    IAGC has been and continues to be damaged by the negligence per se of the defendants.

**NINETEENTH COUNT** (As to Bronx Bar Supply Company, Inc.)

97.    Paragraphs 1 and 8 are hereby incorporated by reference as paragraph 97 of this Nineteenth Count.

98.    IAGC has expended large sums to remediate its property, including sums to remove PCBs which, upon information and belief, emanated from the property owned and controlled or controlled by the defendant.

99.    The migration of the PCBs from the property owned and controlled or controlled by the defendant was caused by the negligence or other acts of said defendant, including, without limitation, the negligence per se alleged in the Eighteenth Count.

100.    Pursuant to § 22a-452 of the Connecticut General Statutes, IAGC seeks reimbursement for its remediation expenses.

13

**TWENTIETH COUNT**  (As to Global Development Enterprises, LLC)

101.   Paragraphs 1 and 8 are hereby incorporated by reference as paragraph 101 of this Twentieth Count.

102.   Upon information and belief, IAGC's property has been the subject of contamination by PCBs emanating from the property owned and controlled or controlled by this defendant.

103.   The contamination of IAGC's property has resulted in an unreasonable interference with the use of its property, including, without limitation, the legal requirement that it expend significant sums to remediate its property.

104.   The emanation of PCBs from the property of the defendant in this count constitutes maintenance of a nuisance by said defendant causing IAGC to expend large sums merely to be able to use its property for its intended use.

105.   The interference with IAGC's property is such that it ought to be compensated.

**TWENTY-FIRST COUNT**  (As to Global Development Enterprises, LLC)

106.   Paragraphs 1 and 8 are hereby incorporated by reference as paragraph 106 of this Twenty-First Count.

107.   Paragraphs 25 and 26 of the Third Count are hereby incorporated by reference as paragraph 107 of this Twenty-First Count.

108.   The emanation of PCBs from the property of the defendant in this count therefore constitutes a source of pollution to the waters of this State in violation of § 22a-427 and thus constitutes negligence per se.

109.   IAGC has been and continues to be damaged by the negligence per se of the defendant.

14

**TWENTY-SECOND COUNT**  (As to Global Development Enterprises, LLC)

110.    Paragraphs 1 and 8 are hereby incorporated by reference as paragraph 110 of this Twenty-Second Count.

111.    IAGC has expended large sums to remediate its property, including sums to remove PCBs which, upon information and belief, emanated from the property owned and controlled or controlled by the defendant.

112.    The migration of the PCBs from the property owned and controlled or controlled by the defendant was caused by the negligence or other acts of said defendant, including, without limitation, the negligence per se alleged in the Twenty-First Count.

113.    Pursuant to § 22a-452 of the Connecticut General Statutes, IAGC seeks reimbursement for its remediation expenses.

**TWENTY-THIRD COUNT**  (As to All Defendants)

114.    IAGC is an entity with standing within the meaning of § 22a-16 of the Connecticut General Statutes.

115.    The migration of PCBs onto the property of IAGC from the property owned and controlled or controlled by one or more of the defendants is continuing in nature and is causing unreasonable pollution and impairment of the natural resources of the State.

116.    The defendants individually and collectively failed to contain the migration of PCBs onto IAGC's property.

117.    IAGC has no adequate remedy at law and, if relief is not granted, IAGC will continue to suffer substantial and irreparable harm.

15

**TWENTY-FOURTH COUNT**  (As to All Defendants)

118.   The migration of PCBs onto the property of IAGC from the property owned and controlled or controlled by one or more of the defendants is continuing in nature and continues to cause IAGC damage.

119.   Despite having been informed of the PCB contamination of IAGC's property, the defendants, individually and collectively, have refrained from taking appropriate steps to contain the migration or otherwise acting to protect plaintiff from injury and to restore its property.

120.   The conduct of the defendants, individually and collectively, constitutes a trespass on IAGC's property.

121.   IAGC has no adequate remedy at law and, if relief is not granted, IAGC will continue to suffer substantial and irreparable harm.


**WHEREAS,** IAGC seeks:

1.   Money damages.

2.   Reimbursement of its remediation expenses.

3.   Attorneys' fees.

4.   Temporary and permanent injunctive relief requiring the defendants to take all steps necessary to protect IAGC's property from PCB contamination, to ensure by appropriate monitoring or otherwise that such protection is effective and to restore IAGC's property to its pre-contamination state.

16

5.    Such other legal and equitable relief as the Court deems appropriate.

THE PLAINTIFF
INNIS ARDEN GOLF CLUB

By_____

Robert W. Allen, Esq.
Tyler Cooper & Alcorn, LLP
205 Church Street
P.O. Box 1936
New Haven, CT 06509-0906
Tel.    203-784-8200
Juris No.: 64830
Federal Bar No. CT 04188

17