ELECTRONIC ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS [334].  As set forth in the parties' filings (Dkts. ##334 to 334-2, 332-2 to 332-5, 367 & Exhs. 1-2, 382 & Exh. A), the parties appear to have resolved their disputes with respect to Requests for Production Nos. 3, 6, 15-16, 20-21, 26-28 & 31-32 (Dkt. #367, at 4-5), so that all that remains at issue are Requests for Production Nos. 33-35.

Requests for Production Nos. 33-35 request, inter alia, all documents concerning the lease between defendants Pitney Bowes and Pateley Associates, including negotiations and communications, and all communications between either defendant Pitney Bowes and either defendant Pateley Associates or Whisper Capital.  (Dkt. #332-2, at 12-13). Defendant Pitney Bowes continues to object on the basis of attorney-client privilege. (Id.; Dkt. #332-4, at 8; Dkt. #334-2, at 3-4; Dkt. #367, at 5; Dkt. #382, at 2-3).  As plaintiff Innis Arden appropriately observes, documents exchanged with parties outside of the attorney-client privilege are not privileged (Dkt. #382, at 2), nor are the leases themselves, and similar documents, and these two parties "[u]ndoubtedly . . . have exchanged relevant, non-privileged correspondence concerning the contamination at issue." (Dkt. #334-2, at 4).

Therefore, **on or before February 18, 2009**, defendant Pitney Bowes shall produce all non-privileged documents to plaintiff Innis Arden, if such documents have not been previously produced in discovery between plaintiff Innis Arden and other parties.

+