ELECTRONIC ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT PITNEY BOWES' AND NON-PARTIES' MOTION TO QUASH THIRD-PARTY SUBPOENAS OF [327].  In this motion and supplemental brief in support, defendant Pitney Bowes seeks to quash subpoenas, served on January 12, 2009, for depositions to be taken on January 16, 2009, the last day of fact discovery, on Gary Simonsen, one of its current employees, and on John DiCamillo and Walter Michalsky, two former employees, when the identities of these employees were made during a deposition on January 6, 2009 and counsel for plaintiff Innis Arden failed to inform defense counsel, or the Court, of its intention to take these documents during a conference held on January 8, 2009; in addition, other depositions already had been scheduled for that day.  (Dkts. #327, 351 & Exhs. A-D).  Defendant Pitney Bowes takes particular offense to plaintiff Innis Arden's attempts to proceed with this deposition during the morning of January 16, 2009, despite discussions on January 14, 2009 about same, and this motion having been filed on January 15,2009.  (Dkt. #351 & Exhs. A-D; see also Dkt. #377).

In its brief in opposition (Dkt. #371), plaintiff Innis Arden argues that its subpoenas were not untimely, the other depositions for January 16, 2009 had not been confirmed, and additional counsel could have handled all the depositions scheduled for that day (at 5-7), that plaintiff's counsel acted appropriately by permitting DiCamillo to speak with defense counsel, at which time the deposition ended (at 7-9), and that the testimony of these employees is "critical" and should be permitted, notwithstanding the expiration of the fact discovery (at 9; see also Dkts. ##371-2 to -10).

In a society blessed (or cursed) with instantaneous communications (such as e-mail, cell phones, and text messaging), it is difficult to comprehend how such misunderstandings can occur.  The Magistrate Judge is willing to attribute the rather shockingly discourteous behavior of counsel to one another to sleep deprivation and fatigue, in that many of the e-mail exchanges between counsel occurred late in the evening, and some immediately before or after midnight.  (Dkt. #351, Exhs. A-B).  Sometime between January 7 and 12, 2009, counsel for Innis Arden should have notified counsel for defendant Pitney Bowes of his intention to seek the depositions of Simonsen, DiCamillo and Michalsky, particularly if their testimony is so "critical."  It is also disconcerting that when time was of the essence, none of the depositions scheduled for January 16, 2009 apparently took place.

In light of the "unclean hands" of both sets of attorneys in this incident, plaintiff Innis Arden will be permitted to take the deposition of just one of the three deponents – Simonsen, DiCamillo or Michalsky – and counsel will confer with one another as to which of the three is most knowledgeable.  This deposition will be completed **on or before February 18, 2009**.