ELECTRONIC ORDER GRANTING IN PART AND DENYING IN PART THIRD PARTY RVDI'S MOTION TO QUASH SUBPOENA [324]. In this motion and brief, third-party Rocco V. D'Andrea, Inc. ["RVDI"] asserts that defendant Pitney Bowes served a subpoena duces tecum on Leonard D'Andrea, Vice President of RVDI, in August 2008, that a week prior to the deposition RVDI produced its entire file regarding plaintiff Innis Arden to counsel for defendant Pitney Bowes, that two attorneys representing defendant Pitney Bowes reviewed the entire file and made copies of some of the documents, that D'Andrea was deposed at length on September 5, 2008 regarding the work performed by RVDI for plaintiff Innis Arden, and that on December 30, 2008, defendant Pitney Bowes served a second subpoena on RVDI regarding this work, with a second deposition of a corporate representative, requesting forty-six areas of testimony. (Dkt. #324-2, at 1-2, Dkts. ##324-3 to -4). Non-party RVDI argues that because D'Andrea would be the deponent, requiring him and RVDI to produce the Innis Arden file again and be deposed again is "unduly burdensome" and "a significant disruption to RVDI's business." (Dkt. #324-2, at 3-4).

In its brief in opposition, defendant Pitney Bowes describes that RVDI's arguments as "inaccurate and misleading," in that the August 2008 subpoena was on D'Andrea in his individual capacity whereas the December 2008 subpoena is upon RVDI pursuant to FED. R. CIV. P. 30(b)(6), and that in some instances, D'Andrea testified at his September 2008 deposition as a member of plaintiff Innis Arden.   (Dkt. #368, at 1-3 & Exhs. A-C). Defendant Pitney Bowes has identified twenty items in the December 2008 subpoena that were not addressed at the September 2008 deposition. (Dkt. #368, at 3-5 & Exhs. A, C). In addition, defendant Pitney Bowes has pointed out a small number of items for which D'Andrea had "insufficient company knowledge," and plaintiff's Rule 30(b)(6) designee, Steve Roland, testified that RVDI is in possession of critical information. (Dkt. #368, at 5-6 & Exhs. C-E).

In its reply brief, RVDI emphasizes that for the twenty topics that "were not addressed" at the September 2008 deposition, defendant Pitney Bowes "does not argue that . . . D'Andrea could not have addressed these issues at his September deposition," and "[i]ndeed, he may have been able to testify to these [t]opics had he been asked," but he "was not" so asked. (Dkt. #383, at 3)(emphasis in original). RVDI further argues that defendant Pitney Bowes has "overstate[d]" D'Andrea's inability to testify on a number of topics. (Id.).

RVDI is correct that having once opened its entire file to be reviewed by two attorneys for defendant Pitney Bowes in August 2008 and D'Andrea having been deposed at length in September 2008, with three attorneys in attendance for defendant Pitney Bowes (two outside counsel and one in-house counsel)(see Dkt. #368, Exh. C, at 1), D'Andrea and RVDI should not be subjected to a wholesale reopening of its files and another lengthy deposition. **On or before February 13, 2009**, RVDI, either through D'Andrea or another authorized agent, shall submit an affidavit in which it agrees to adopt, and be bound by, D'Andrea's testimony at his September 5, 2008 deposition. However, RVDI may be deposed, **on or before February 20, 2009**, regarding the: (1) the limited topics for which D'Andrea individually did not have knowledge but for which RVDI may have knowledge; and (2) the limited topics for which Roland identified RVDI as having knowledge (such as dye tests and sampling from defendant Metro-North, and permits)(Dkt. #368, Exh. D, at 273, 277-78, 284-86, 324-25, 328, Exh. E), but only if these topics were not already addressed at the September 5, 2008 deposition.